UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

              Plaintiff,

  -against-

JAMES DOLAN, *et al.*,

              Defendants.

23-CV-10521 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE, PAYMENT OF FEES OR IFP APPLICATION, AND MOTION TO PROCEED ANONYMOUSLY

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    In addition, to proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without an original signature and without the filing fees or an IFP application. Plaintiff also filed this action as Jane Doe, without including her true name. The Court therefore construes the action as also including a request to proceed anonymously. The Court cannot, however, rule on Plaintiff's request to proceed anonymously without a motion in Plaintiff's true name stating the reasons for the need to proceed

anonymously, her signature on the complaint, and a completed and signed IFP application or payment of the fees.

Within thirty days of the date of this order, Plaintiff is directed to resubmit to the court, the signature page of the complaint with an original signature. Plaintiff is further directed to either pay the $402.00 in fees or submit a completed and signed IFP application. If Plaintiff submits an IFP application and a motion to proceed anonymously, these submissions must be completed using Plaintiff's true name, and they should be labeled with docket number 23-CV-10521 (LTS).[1] A copy of the signature page of the complaint, a motion guide and motion forms, and an IFP application are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 28, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] Access to documents revealing Plaintiff's true name will be limited to court view only.